IM EX TRADING COMPANY, INC., etc., et al., Plaintiffs,

v.

The VESSEL, BEATE OLDENDORFF, etc., et al., Defendants.

No. 91–918–Civ–J–16.

United States District Court, M.D. Florida, Jacksonville Division.

June 10, 1993.

Ford John Fegert, Moss, Henderson, Van Gaasbeck, Blanton & Koval, P.A., Vero Beach, FL, for plaintiffs.

Brendan P. O'Sullivan, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, for defendants.

## OPINION AND ORDER

JOHN H. MOORE, II, Chief Judge.

Plaintiffs Im Ex Trading Company, Inc. ("Im Ex") and Albany Insurance Company ("Albany") commenced this action on October 25, 1991 against the following Defendants: the vessel, Beate Oldendorff *in rem*; Empresa Lineas Maritimas Argentinas S.A. ("ELMA"), Egon Oldendorff (Liberia), Inc., and Trasatlantica Agency (USA), Inc., *in personam*. The complaint sought $17,531.55 and costs for damage sustained to a shipment of pears which were transported by sea from Jacksonville, Florida to Santos, Brazil. The consignee of the pears was an entity named "La Violetera Ind E Com De Generos Alimenticios Ltda.," who is not a party to this lawsuit.

On February 4, 1993, this Court issued an Order dismissing Defendants Beate Oldendorff and Egon Oldendorff (Liberia), Inc., due to the Plaintiffs' failure to file proofs of service as to these two defendants. On March 10, 1993, the Court held a non-jury trial in this cause, and received testimony and evidence. At the close of the evidence, the Court dismissed Defendant Trasatlantica Agency (USA), Inc., without objection. The Court then dictated its findings of fact into the record, *See* Doc. # 47 at pp. 143–146, and ordered the parties to brief the one remaining legal issue in this cause: whether either of the Plaintiffs herein are real parties in interest. The Court concluded:

[I]f I find that Elma is liable to these plaintiffs, I will find that they are liable in the amount of, total amount of $17,531.00. If I find that they're not liable because of title passing to the consignee, then the Clerk will be directed to enter judgment in favor of the defendant, the remaining defendant Elma.

The issue has been briefed fully, and the Court has thoroughly reviewed those briefs, and the record in its entirety to reach its decision.

The evidence at trial is undisputed that the pears at issue were shipped to the consignee in Brazil on terms "FAS Jacksonville." F.A.S., which stands for "free alongside ship" is defined by Black's Law Dictionary as a "[d]elivery term under which the seller is obligated to deliver goods to a specified loading dock and bears expense and risk of loss *up to that point.* Black's Law Dictionary 607 (6th ed.1990) (emphasis added). *See also* Fla.Stat. § 672.2–319(2) and attendant comments. In the present case, under the terms of the bill of lading, and the attendant legal definition, the title and risk to the pears passed to the consignee once the shipment of pears was delivered to ELMA in Jacksonville, Florida.

Factually analogous cases, which are binding precedent in this circuit, demand that this issue be resolved in favor of the defendant. In *York–Shipley, Inc. v. Atlantic Mutual Ins. Co.*, 474 F.2d 8 (5th Cir.1973), the court held that where a boiler was shipped C.I.F. port of destination, title passed to the consignee when the boilers were shipped from Miami, and the shipper lacked standing to sue for damage that ensued. The court stated:

[O]nce York–Shipley put the boilers in the possession of the carrier in Miami, it no longer had any interest in them.... York–Shipley therefore had no insurable interest in the cargo and, consequently has no standing to sue. Standing depends upon whether the party has such a "personal stake in the outcome of the controversy as to assure ... concrete adverseness ..." ... York–Shipley has no interest in the outcome of this suit, other than that of an unsecured creditor of its foreign cus-

tomer. Such an interest is insufficient to meet the requisites of standing.

*Id.* at 9. Similarly, in *Farbwerke Hoeschst A.G. v. M/V "Don Nicky"*, 589 F.2d 795 (5th Cir.1979), the Court of Appeals for the Fifth Circuit vacated a judgment entered in favor of cargo claimants against a vessel and its owners on the grounds that the plaintiffs were not the real parties in interest. The Court stated:

> Defendants urge this court to vacate judgments against them since plaintiffs, the shippers, are not the real parties in interest. Shipments were made C.I.F.; therefore, title to the cargo passed upon delivery to the carrier, and the consignee bore the risk of loss in transit.... Yet the consignee, Coagra, was not a party to the action. The Federal Rules of Civil Procedure require every action to be prosecuted in the name of the real party in interest. F.R.Civ.P. 17(a).... The Federal Rules of Civil Procedure are fully applicable in admiralty cases.... Plaintiffs point to early case authority which permitted admiralty suits by shippers as representatives when the real party was abroad or otherwise unavailable.... Those cases, however, permitted such representative suits only when the real party consignee had ratified the shipper's capacity to sue in its behalf. A shipper, after having parted with title to the goods may not sue the carrier as trustee for the consignee.

*Id.* at 797–798 (citations omitted).

On March 29, 1993, Plaintiffs filed an "attachment" to their post trial brief. The attachment is apparently a notarized letter from an agent of the consignee dated March 18, 1993, which states, in pertinent part, "we authorize IM EX Trading Company to seek recovery of damages for 475 D'Anjou pears shipped on Elma Lines." Doc. # 46. While this attachment might arguably be an assignment or ratification of Im Ex's capacity to sue in this case, it was not part of the record at trial, and cannot be interposed at this late date to retroactively grant Im Ex standing to sue. In this regard, the Court finds that to accept such a ratification at this late date would result in prejudice to the Defendant since Defendant did not present any evidence at trial, had asserted this defense for over a year, and had argued it at the Final Pretrial Conference held approximately one month prior to the trial in this cause. *See Arabian American Oil Co. v. Scarfone*, 939 F.2d 1472, 1477 (11th Cir.1991); *contra Sun Refining v. Goldstein Oil*, 801 F.2d 343, 345 (8th Cir. 1986); *Sumitomo Corp. of America v. M/V Saint Venture*, 683 F.Supp. 1361, 1368 (M.D.Fla.1988).

In sum, the Court finds that Im Ex is not the real party in interest, and therefore lacks standing to maintain this lawsuit for damage to the shipment of pears. The Court further finds that Albany is not a real party in interest because they only insured Im Ex for this particular shipment. *See* Ptf's Ex. 16; Doc. # 47 at pp. 135–137; *see also Gradmann & Holler GmbH v. Continental Lines, S.A.*, 504 F.Supp. 785, 788 (D.P.R.1980).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

That the Clerk is directed to enter judgment in favor of Defendant Empresa Lineas Maritimas Argentinas S.A. and against Plaintiffs Im Ex Trading Company, Inc. and Albany Insurance Company.

**DONE AND ORDERED.**